IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CORIN RUBIO, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 4:16-cv-00012 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF LAFAYETTE, | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, Corin Rubio, by counsel and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Corin Rubio, is a resident of White County in the State of Indiana and a former employee of Defendant.

2. Defendant, City of Lafayette, is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Ms. Rubio invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began her employment with Defendant on or about April 13, 2010.

6. Plaintiff had a history of anxiety and depression and had been treated her conditions beginning on or around March 2015.

7.  On or around April 24, 2015, a coworker committed suicide in the presence of the Plaintiff, thereby causing the Plaintiff to suffer from anxiety, depression, and post traumatic stress disorder.

8.  Plaintiff was given time off following her coworker's suicide and sought treatment pending approval of family medical leave.

9.  On or about May 4, 2015, Plaintiff returned to work and beginning June 1, 2015 noticed that her supervisor treated her in a hostile manner.

10.  On June 16, 2015, Defendant placed Plaintiff on a Performance Improvement Plan and subsequently modified that plan on July 21, 2015.

11.  Plaintiff was then terminated by the Defendant on or about August 24, 2015.

12.  Other employees of the Defendant that are outside her protected class have, both before and since, been involved in similar incidents and have not been terminated.

13.  Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein she alleged discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) charge number 846-2015-38718).

14.  The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on December 4, 2015.

## COUNT I

15.  Plaintiff incorporates by reference paragraphs one through fourteen (14) of her complaint for damages.

16.  Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, specifically Anxiety Disorder, Depression, and Post Traumatic Stress Disorder.

17.  The Defendant was aware Plaintiff's disability and/or perceived disability and refused to provide reasonable accommodation.

18. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

19. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated her employment.

20.  Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

21. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for reinstatement, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

22.  Plaintiff incorporates by reference paragraphs one through twenty-one (21) above.

23.  During her employment with Defendant, Plaintiff was qualified for Family Medical Leave to seek treatment for her Anxiety Disorder, Depression and Post Traumatic Stress Disorder.

24.  Defendant was aware of Plaintiff's medical conditions.

25.  Plaintiff suffered an adverse employment action when Defendant terminated her employment for taking Family Medical Leave and/or future need for Family Medical Leave.

26. Plaintiff was treated less favorably than employees without medical conditions who were less likely to utilize Family Medical Leave.

27. Defendant's termination of Plaintiff was done with malice and wanton disregard for Plaintiff's rights under the Family Medical Leave Act.

28. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

  /s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

   /s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS
625 N. Madison Avenue, Suite A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax